# FILED

April 15 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0655

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2014 MT 101N

IN THE MATTER OF THE
GUARDIANSHIP OF S.M.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DG-12-37B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Valery O'Connell, self-represented; Emigrant, Montana

   For Appellee:

      Mark E. Miller; Braaksma & Miller, PLLC; Bozeman, Montana

Submitted on Briefs:  March 19, 2014
Decided:  April 15, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Valery O'Connell (O'Connell) appeals from an order of the Eighteenth Judicial District Court, Gallatin County, appointing Chris Sheehan (Sheehan) guardian of S.M. and seeks review of her petition to remove Sheehan as guardian and motion for relief. We affirm.

¶3 On October 18, 2012, O'Connell, through counsel, filed a petition for the appointment of a full guardian and conservator of S.M., then a 77-year-old woman with dementia. S.M. has five adult children, including O'Connell and Sheehan. In the petition, O'Connell sought her appointment as S.M.'s guardian and conservator. The District Court held a hearing on the petition on November 27, 2012. At the hearing, there was no dispute that S.M. needed a guardian, but S.M.'s children disagreed about who should be the guardian. S.M.'s court-appointed visitor recommended that someone outside of the family serve as guardian because of the "family dynamics" and "communication difficulties" between the children. The District Court raised concerns as to who would pay for such services given S.M.'s limited resources. At the end of the hearing, the District Court ruled from the bench and appointed O'Connell conservator

and Sheehan guardian of S.M. On November 28, 2012, the District Court issued its corresponding findings of fact, conclusions of law, and order, and on November 29, 2012, the court issued letters of guardianship. O'Connell did not appeal from this order, despite authority to do so under M. R. App. P. 6(4)(a).

¶4 Over the following months, O'Connell, as a self-represented litigant, filed a flurry of motions seeking Sheehan's removal as guardian and O'Connell's appointment as guardian. She also sought the substitution and disqualification of the District Court judge and the removal of S.M.'s court-appointed counsel. The District Court denied O'Connell's multiple motions as being without merit. On July 17, 2013, O'Connell filed an amended petition in which she again sought replacement of S.M.'s court-appointed legal counsel, removal of Sheehan as guardian and her own appointment to that position, and other relief pursuant to M. R. Civ. P. 60(b)(6). S.M.'s counsel filed an answer brief, and O'Connell filed a reply brief. The District Court did not address this last of O'Connell's motions. O'Connell filed an appeal in September 2013.

¶5 O'Connell argues that the District Court erred in numerous ways. She alleges the court: "arbitrarily and capriciously appoint[ed] Sheehan guardian . . . without a petition, interview, examination, and without a hearing for such purpose as required"; did not base its decision on substantial credible evidence; fatally harmed S.M. and O'Connell's due process rights; based its appointment of Sheehan on "absurd" criteria; made a decision that was not in S.M.'s best interest; and erred in failing to address her petition for Sheehan's removal under § 72-5-325, MCA. S.M.'s counsel responds that the District

3

Court correctly followed all applicable statutory mandates and exercised its broad discretion to appoint Sheehan guardian after concluding that Sheehan's appointment was in S.M.'s best interest.

¶6 We review a district court's conclusions of law related to the appointment of a guardian to determine if they are correct. *Fischer v. Fischer*, 2007 MT 101, ¶ 8, 337 Mont. 122, 157 P.3d 682 (citation omitted). We review findings of fact to determine whether they are clearly erroneous. *Fischer*, ¶ 8 (citation omitted).

¶7 As an initial matter, we note that a petition to appoint a guardian is not an adversarial proceeding but is a proceeding to promote the best interests of the person for whom guardianship is sought. *In re Est. of Bayers*, 1999 MT 154, ¶ 14, 295 Mont. 89, 983 P.2d 339; *see* § 72-5-306, MCA ("Guardianship for an incapacitated person may be used only as is necessary to promote and protect the well-being of the person.").

¶8 O'Connell argues that her appeal from the District Court's November 28, 2012 order is timely. We disagree. M. R. App. P. 6(4)(a) provides that an order in a guardianship matter "must be appealed immediately," and that "failure to do so will result in waiver of the right to appeal." The District Court issued its order appointing Sheehan full, permanent guardian on November 28, 2012, and issued corresponding letters on November 29, 2012.[1] Thus, O'Connell had the right to appeal as early as November 2012,[2] but she did not do so until September 2013. We conclude that O'Connell failed to

---

[1] The District Court issued amended letters appointing Sheehan guardian on December 5, 2012.
[2] Indeed, the record reflects that O'Connell expressed her intent to appeal as early as December 6, 2012.

"immediately" appeal the court's November 2012 order and, thus, waived her right to appeal.

¶9 We likewise reject O'Connell's arguments regarding her July 17, 2013 motion. Entitled "Amended Petition to Replace Guardian & New Motion to Replace Miller & Rule 60 Motion [sic] Relief," this document sought a wide range of relief. The District Court did not rule on this amended petition. We are asked to evaluate a Rule 60 motion (seeking relief from a judgment) that is combined in one document with a petition for substantive relief in the guardianship. While the former is subject to a "deemed denial" under M. R. Civ. P. 60(c)(1), the latter is not. Under other circumstances, we might remand the petition to replace the guardian to the District Court for determination. Here, however, we conclude this is not necessary because O'Connell's petition to remove the guardian is grounded upon her repeated argument that the court erred in appointing Sheehan as guardian in the first place. As noted above, O'Connell has waived any further argument with respect to the propriety of Sheehan's appointment by failing to timely appeal the appointment. We therefore decline to consider her July 17, 2013 motion further.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by the evidence, and the legal issues are controlled by settled Montana law.

5

¶11 For the foregoing reasons, we affirm the District Court's order appointing Sheehan guardian and deny O'Connell's petition for further relief.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON